# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| In re: ) <br> ) <br> **NEWSTREAM HOTEL PARTNERS –** ) <br> **IAH, LLC,** ) <br> ) <br> Debtor. ) <br> ) | Case No. 20-41064 |
| **NEWSTREAM HOTEL PARTNERS-** ) <br> **IAH, LLC,** ) <br> ) <br> Plaintiff and Counter- ) <br> Defendant, ) <br> ) <br> v. ) <br> ) <br> **HMC HOSPITALITY OPERATING** ) <br> **COMPANY,** ) <br> ) <br> Defendant, Counter-Plaintiff ) <br> and Third-Party Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **ROB LAWSON, SCOTT TARWATER** ) <br> **AND TIMOTHY NYSTROM,** ) <br> ) <br> Third-Party Defendants. ) | Adversary No. _____ |

## DEFENDANT NEWSTREAM HOTEL PARTNERS – IAH, LLC'S
## NOTICE OF REMOVAL

Plaintiff Newstream Hotel Partners-IAH, LLC hereby removes Cause No. 380-05791-2019 from the 380th Judicial District Court, Collin County, Texas to this Court pursuant to and in accordance with 28 U.S.C. § 1452(a) and Rule 9027 of the Federal

___

Rules of Bankruptcy Procedure.  As grounds for this removal, Plaintiff states as follows:

## FACTS

1. On October 15, 2019, Plaintiff filed suit against HMC Hospitality Operating Company, the case styled *Newstream Hotel Partners-IAH, LLC v. HMC Hospitality Operating Company*, Cause No. 380-05791-2019, in the 380th District Court, Collin County, Texas (the "State Action").

2. Plaintiff alleges causes of action against Defendant for breach of the parties' hotel management agreement by, among other things, failing to manage the hotel in compliance with Plaintiff's License Agreement with and the expert operational standards of RLH Corporation.

3. On November 25, 2019, Defendant filed counterclaims against Plaintiff for breach of the parties' hotel management agreement seeking a termination payment in the form of accelerated future operating fees.

4. As such, this suit involves causes of action involving the Plaintiff's property, i.e., the debtor's estate.

5. On April 28, 2020, Defendant filed a voluntary Chapter 11 bankruptcy proceeding in this Court, Case No. 20-41064 (the "Bankruptcy Case").

6. This Notice of Removal is filed within the timeframe established by the Bankruptcy Court pursuant to 28 U.S.C. § 1452 and Rules 9006(b) and 9027 of the Federal Rules of Bankruptcy Procedure.

7. This Notice of Removal is being filed pursuant to 28 U.S.C. § 1452(a), which provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

8. The State Action is properly removable under 28 U.S.C. § 1452(a) because the Court has original jurisdiction of the State Action under 28 U.S.C. § 1334(b), which provides in relevant part:

> Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising or related to cases under title 11.

*See* 28 U.S.C. § 1334(b).

9. The Court has jurisdiction over the State Action pursuant to 28 U.S.C. § 1334(b). This action is properly removed to this Court, as the State Action is pending within this district and division, as provided for in 28 U.S.C. § 1452(a).

10. Actions removed under section 1452 of title 28 are automatically referred to the bankruptcy court for that federal district in which the underlying action was filed. *See* Rule 9027-1 of the Local Rules of the United States Bankruptcy Court for the Eastern District of Texas.

11. The State Action is related to Plaintiff and the Bankruptcy Case. *See Querner v. Querner (In re Querner)*, 7 F.3d 1199 (5th Cir. 1993) ("A matter is related to a case

under Title 11 if the outcome could conceivably have any effect on the estate being administered in bankruptcy.").

12. Upon removal, this action is a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(2)(B), (I) and (O).

13. Plaintiff consents, to the extent such consent is necessary, to the entry of final orders and judgments by this Court on the core matters and on non-core matters, if any.

14. This Notice of Removal is being served on counsel for all parties on this date.

15. Upon information and belief, the only parties that have not been served with process are Third-Party Defendants Robert Lawson, Scott Tarwater and Timothy Nystrom. The following is a list of all parties in the case and their type (e.g., plaintiff, defendant, intervenor, receiver, etc.):

| **Party Name** | **Party Type** | **Address** |
| --- | --- | --- |
| Newstream Hotel Partners-IAH, LLC | Plaintiff | 311 S. Oak Street, Suite 250, Roanoke, TX 76262 |
| HMC Hospitality Operating Company | Defendant | 17950 Preston Road, Suite 710, Dallas, TX 75252 |
| Timothy Nystrom | Third-Party Defendant | 1411 Stone Lakes Drive, Southlake, TX 76092 |
| Scott Tarwater | Third-Party Defendant | 9809 Puma Trail, Godley, TX 76044 |
| Rob Lawson | Third-Party Defendant | Unknown |

16. The following is a complete list of attorneys involved in the action being removed, including each attorney's bar number, address, telephone number and party or parties represented by him:

| **Name** | **Contact Information** | **Party** |
|---|---|---|
| Carlisle A. Braun | SCHEEF & STONE, LLP<br>2600 Network Boulevard, Suite 400<br>Frisco, Texas 75034<br>(214) 472-2100 (t)<br>(214) 472-2150 (f) | Plaintiff |
| Brandi J. McKay | SCHEEF & STONE, LLP    24069764<br>2600 Network Boulevard, Suite 400<br>Frisco, Texas 75034<br>(214)472-2100 (t)<br>(214) 472-2150 (f) | Plaintiff |
| Ross H. Parker | MUNSCH HARDT KOPF & HARR, PC<br>500 N. Akard Street<br>Suite 3800<br>Dallas, Texas 75201<br>(214) 855-7500 (t)<br>(214) 855-7584 (f) | Defendant |
| Aynsley K. Young | MUNSCH HARDT KOPF & HARR, PC<br>500 N. Akard Street<br>Suite 3800<br>Dallas, Texas 75201<br>(214) 855-7500 (t)<br>(214) 855-7584 (f) | Defendant |

17. Pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(1) and Rule 9027-1 of the Local Rules of the United States Bankruptcy Court for the Eastern District of Texas, this Notice of Removal is accompanied by the state court documents and

copies of the state court documents arranged in chronological order attached hereto collectively as **Exhibit A**.

18. Pursuant to Federal Rule of Bankruptcy Procedure 9027(b) and (c), a copy of this Notice of Removal is being contemporaneously filed with the Clerk for the 380th Judicial District Court of Collin County, Texas, and notice will be promptly given to all parties to the removed claims and/or causes of action.

19. This Court may exercise its bankruptcy jurisdiction pursuant to 28 U.S.C. §§ 1334 and 1452.

WHEREFORE, Plaintiff Newstream Hotel Partners-IAH, LLC requests that the State Action, and all claims and causes of action therein, be removed from the District Court for Collin County, Texas to this Court, and further requests that this Court assume jurisdiction over the claims and causes of action herein removed.

Respectfully submitted,

**SCHEEF & STONE, L.L.P.**

By: /s/ *Carlisle A. Braun*

**CARLISLE A. BRAUN**
Texas Bar No. 24058818
carlisle.braun@solidcounsel.com
**BRANDI J. MCKAY**
State Bar Card No. 24075380
brandi.mckay@solidcounsel.com
2600 Network Blvd., Suite 400
Frisco, Texas 75034
(214) 472-2100 Telephone
(214) 472-2150 Facsimile

***ATTORNEYS FOR PLAINTIFF***

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document, this 12th day of May, 2020, has been served upon the following counsel of record as follows:

**Via Electronic Filing/Service**
Ross H. Parker
Aynsley K. Young
MUNSCH HARDT KOPF & HARR, PC
500 N. Akard Street, Suite 3800
Dallas, Texas 75201

*Attorneys for Defendant, Counter-Plaintiff and Third-Party Plaintiff*

/s/ *Carlisle A. Braun*
Carlisle A. Braun